**COX LAW FIRM LLC**
William H. Cox (WC 3295)
Peter J. Vranum (PV 8947)
43 West 43rd Street, Suite 137
New York, NY 10036-7424
Tel. No.: (212) 804-5756
WCox@lawcox.com
PVranum@lawcox.com

**LAW OFFICES OF H.W. BURNS**
Howard W. Burns, Jr. (HWB 6529)
The Woolworth Building
233 Broadway, Suite 2065
New York, New York 10279
Tel. No.: (212) 227-4450
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff COOGI Partners, LLC**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| COOGI PARTNERS, LLC, | : | Case No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **ECF CASE** |
| | : | **Electronically Filed** |
| RAGEON, INC. and SHABAZZ D. | : | |
| EVERETT A/K/A SHABAZZ D. | : | |
| EVERETTE A/K/A MONEYBAZZ D/B/A | : | |
| MONEY BUSHAE, | : | |
| | : | <u>VERIFIED COMPLAINT</u> |
| Defendants. | : | |
| | : | **Plaintiff Demands Trial By Jury** |
| | : | |

-------------------------------------------------------x

Plaintiff COOGI Partners, LLC ("COOGI"), by its undersigned attorneys, as and

for its Verified Complaint against Defendants, alleges the following upon knowledge as

to itself and its own acts, and upon information and belief as to all other matters. COOGI

1

believes that its information and belief allegations are likely to have additional evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.     This is an action for trademark counterfeiting, trademark infringement, copyright infringement, trade dress infringement, false designation of origin, trademark dilution, unfair competition and injury to business reputation in violation of the laws of the United States and the State of New York.  COOGI seeks an injunction, damages and related relief.

2.     COOGI is the manufacturer and seller of a line of clothing, which includes sweaters and other apparel having a distinctive multicolored pattern which is protected by registered copyrights and which also constitutes trade dress.  COOGI's products are sold under the trademark "COOGI."

3.     This action is directed against the unauthorized and wrongful manufacture, distribution, use and sale by Defendants of various items of clothing and other products, which infringe at least one of Plaintiff's copyrighted designs and which also infringe Plaintiff's registered COOGI trademark.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 17 U.S.C. §501 and 28 U.S.C. §1331, 1338 and 1367.  COOGI's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq. (the "Lanham Act"), and

2

the statutory and common law of the State of New York.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

5.      The venue of this Court is founded upon 28 U.S.C. §1391(b). Upon information and belief, the Defendants are subject to the court's personal jurisdiction, and a substantial part of the events giving rise to the claim occurred in the Southern District of New York.

<u>THE PARTIES</u>

6.      COOGI is a New York limited liability company with its registered office at 112 Windsor Gate, Lake Success, New York 11020.  COOGI is the owner of the trademark, copyrights and trade dress at issue in this action.

7.      Upon information and belief, RageOn, Inc. ("RageOn") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1163 East 40th Street, Suite 211, Cleveland, OH 44114.

8.      Upon information and belief, Money Bushae is a trade name used by a rapper named Shabazz D. Everette or Shabazz D. Everett who uses the professional name "MONEYBAZZ" (hereinafter referred to as "Money Bushae") and is an individual residing at 401 Morgan Avenue, 2H, Brooklyn, NY 11211 and/or 2800 Sedgwick Avenue, Apt. 3D, Bronx, NY 10468.  RageOn and Money Bushae are hereinafter referred to, individually, as a "Defendant" and, collectively, as "Defendants."

9.      Upon information and belief, the Defendants (a) are doing business in the State of New York;  (b) have transacted business within the State of New York and this judicial district;   (c) have committed tortious acts within the State of New York by

manufacturing, offering for sale and/or selling infringing goods and/or services within the State of New York and this judicial district, including the goods and/or services complained of herein; and/or (d) have committed tortious acts outside the State of New York causing injury to property within the state and (i) regularly do or solicit business and/or derive substantial revenue from goods used or consumed within the state or (ii) expected or should have reasonably expected their acts to have consequences within the state and derive substantial income from interstate commerce.

THE COOGI COPYRIGHT - BACKGROUND

10.   COOGI is engaged in the manufacture, distribution and sale in interstate commerce of high quality merchandise, including men's, women's and children's sweaters and apparel that are sold throughout the United States in high quality retail stores and in the online retail store at www.coogi.com.

11.   COOGI sweaters and apparel are based on highly distinctive designs, which are protected by various copyrights.

12.   This action relates to the COOGI sweater design titled "NEW NULLA2."

13.   The NEW NULLA2 design is registered with the U.S. Copyright Office under Registration Number VA0001668173 dated May 29, 2008 (the "COOGI Copyright").   Copies of the copyright information and the design of the NEW NULLA2 design are attached hereto as Exhibit A, as well as a copy of the "Money Bushae coogi 6s" design (the" Infringing Design") being sold and distributed by the Defendants.

14.   The COOGI Copyright registration is valid, subsisting and in full force and effect.

4

## THE COOGI TRADEMARK – BACKGROUND

15.    As a result of COOGI's exclusive and extensive use of the trademark "COOGI" (the "COOGI Trademark"), the COOGI Trademark has acquired enormous value and recognition in the United States and throughout the world.   The COOGI Trademark is well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of the high quality products to which the COOGI Trademark is applied.   The COOGI Trademark is both distinctive and famous.

16.    On August 9, 1988, the COOGI Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 1,499,662, for sweaters in International Class 25.   On November 2, 2004, the COOGI Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 2,900,635 for various other clothing, headwear and footwear goods in International Class 25.   True copies of the certificates of registration of those marks are attached as Exhibit B.   The registrations are valid, subsisting and in full force and effect.   Declarations under Sections 8 and 15 of the Lanham Act have been filed and accepted or acknowledged for Registration Nos. 1,499,662 and 2,900,635.

## THE COOGI TRADE DRESS - BACKGROUND

17.    While other colorful and ornamental sweaters have been and continue to be sold and distributed in U.S. commerce, the highly distinctive and ornamental designs of COOGI sweaters and apparel have become exceedingly famous and have achieved

secondary meaning as a result of COOGI's extensive sales and promotion and as a result of being worn by celebrities, being publicized in various third party publications, being used by artists  in artwork they have created and being referred to in various musical recordings.

18.    The trade dress of COOGI sweaters consists of (i) a central section that covers the torso and contains highly colorful individual vertical cables and ornamented sections consisting of multiple colors and intricate designs; (ii) sleeves showing horizontally the same colors and intricate designs; and (iii) a raised knit that appears three dimensional (the "COOGI Trade Dress").

19.    The COOGI Trade Dress has been variously described as "confetti colored," "colorful asymmetrically designed," "distinctive curvey patterns," and "eye blinding designs."

20.    Examples of the COOGI Trade Dress are attached hereto as Exhibit C.

21.    One of the most famous celebrities to wear COOGI sweaters and to refer to them in his music was the leading rap singer Christopher George Latore Wallace, better known by his stage names "The Notorious B.I.G.," "Biggie" or "Biggie Smalls" (hereinafter referred to as "Biggie").  Biggie was photographed numerous times wearing COOGI sweaters.  Copies of five such photographs are attached hereto as Exhibit D. The most famous of these photographs is probably the first shown in Exhibit D, which features Biggie wearing a COOGI sweater and sunglasses and counting a wad of cash.

22.    In addition to wearing COOGI sweaters, Biggie mentioned them in his songs.  For example, the lyrics of his song "One More Chance/Stay With Me (Remix)"

6

include "Heart throb never, black and ugly as ever, however, I stay Coogi down to the socks, rings and watch filled with rocks."   His 1994 song "Big Poppa" contained the following:  "I had to find the buried treasure, so grams I had to measure. However, living better now, Coogi sweater now." In his 1996 song "Hypnotize," Biggie mentions COOGI in the following line: "Every cutie wit a booty bought a Coogi."   Numerous other musical artists, including Kanye West, ASAP Ferg and Social Club, have referred to COOGI in songs.

23.    The connection between Biggie and COOGI has been written about in any number of publications, the most famous of which is probably VIBE magazine's March 10, 2013 story entitled "A History of the Notorious BIG & COOGI."  (See Exhibit E attached.)

24.    Since 1987, COOGI sweaters have been widely advertised, offered for sale and sold throughout the United States and COOGI has filed numerous copyright applications for designs, many of which incorporate the COOGI Trade Dress.  During the years 2006 through 2011, COOGI expended approximately one million dollars ($1,000,000) per year on promotion and marketing, including print advertising, public relations, giveaways, runway shows and other promotions.  Since 2012, COOGI advertising is primarily on its own web site, Coogi.com, the web site at puma.com for the COOGI/PUMA collaboration and web sites of independent retailers such as Dr. Jays and Jimmy Jazz.  In addition, the secondary meaning of the COOGI Trade Dress has been enhanced by publicity and unsolicited media coverage in numerous third party publications, a sampling of which is attached hereto as Exhibit F, as well as in Exhibit E.

25.     There have been numerous attempts to plagiarize the COOGI Trade Dress, some of which, such as Defendants, even describe the plagiarized goods as "COOGI" and some of which, including Defendants, make the connection to COOGI by connecting the design to Biggie.    A sampling of such attempted plagiarism is attached hereto as Exhibit G.

26.     As a result of COOGI's exclusive and extensive use of its designs and the COOGI Trade Dress, those designs and the COOGI Trade Dress have acquired enormous value and recognition in the United States and throughout the world.

27.     The COOGI Trade Dress is distinctive and is well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of its high quality products.

28.     The COOGI Trade Dress is both distinctive and famous, has achieved secondary meaning and is recognized as emanating from COOGI alone.

29.     COOGI has used elements of its copyrighted designs and/or elements of the COOGI Trade Dress on other items of apparel.  For example, in 2017 and again in June 2018 various apparel items including jerseys, shorts, jackets shoes and slides which included elements of the COOGI Trade Dress were marketed, sold and distributed as part of a collaboration between COOGI and Puma.

<u>DEFENDANTS' WRONGFUL ACTS</u>

30.     Upon information and belief, Defendants have been manufacturing and/or screen printing and advertising on the RageOn web site (www.rageon.com) and selling and distributing shirts, leggings, socks, footwear and bedding products under the names

8

"Money Bushae biggie smalls coogi apparel and footwear," "Money Bushae coogi 2s apparel and footwear," "Money Bushae coogi 3s apparel and footwear," "Money Bushae coogi 6s apparel and footwear," "Money Bushae coogi 7s green orange brown apparel and footwear," and "Money Bushae coogi lion apparel and footwear" (collectively, the "Offending Goods"). All of such advertising indicates that the Offending Goods are "by: RageOn! – World's Largest All-Over-Print Online Store!" Examples of such advertising and apparel are attached hereto as Exhibit H.

31.    With respect to Defendant RageOn, additional products with neck labels showing the RageOn trademark and advertised using the COOGI trademark or bearing designs which copied or duplicated the COOGI Trade Dress have been advertised on other web sites. In particular, a product described as "That Coogi Doe Crewneck Sweatshirt" has been advertised most recently on www.shalamon.com and previously on www.tshirtsrus.co and www.paragonapparel.net . Examples of such advertising and apparel are attached hereto as Exhibit I.

32.    Through their use of the COOGI Trademark and designs which copied elements of the COOGI Trade Dress and the COOGI Copyright, the Defendants intended to, and did, create an association between the Offending Goods and Plaintiff and/or COOGI's products.

33.    Upon information and belief, such Offending Goods are directed and targeted towards the same group of ultimate consumers as are COOGI's goods.

34.    By letter dated August 20, 2018 and subsequent emails to and from Defendant RageOn's President, Mike Krilivsky and others at Defendant RageOn

continuing through March 4, 2019, counsel for COOGI notified Defendant of prior infringements of the COOGI Trademark and the COOGI Trade Dress, as herein alleged. A copy of such letters and the responses of the Defendant are attached hereto as Exhibit J.

35.     Despite a representation from Defendant RageOn, in an email dated August 20, 2018 (included as part of Exhibit J) that the word "COOGI" was added to Defendant's keyword database and "Nothing with this trademark is sellable on our platform", as shown on Exhibit H, counterfeit and infringing products using the trademark COOGI continue to be sold on Defendant's web site.

36.     The aforementioned acts of Defendants are likely to cause confusion and mistake among consumers that (a) Defendants' Offending Goods originate with COOGI, (b) there is some affiliation, connection or association of Defendants with COOGI, and/or (c) said Offending Goods are being offered to consumers with the sponsorship and/or approval of COOGI.

37.     Upon information and belief, the aforementioned acts of Defendants are willful and intentional, in that Defendants either knew that said Offending Goods were being sold using the COOGI Trademark, bore unauthorized reproductions, copies or colorable imitations of the COOGI Trade Dress, the COOGI Copyright or other COOGI designs, or willfully ignored such facts, and have been done in a deliberate and willful effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said articles of apparel products and to gain for Defendants the benefit of the enormous goodwill associated with the COOGI

Trademark, the COOGI Copyright and the COOGI Trade Dress, all after the Defendant, RageOn, had been notified in writing on several occasions of such infringements.

38.    At no time has COOGI authorized the Defendants to use the COOGI Trademark, the COOGI Copyright or the COOGI Trade Dress or any part thereof.

## FIRST CLAIM FOR RELIEF
(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act)
[15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(a)-(c)]

39.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 38 above with the same force and effect as though fully set forth herein, and further alleges:

40.    COOGI is the exclusive owner of all right and title to the COOGI Trademark.

41.    COOGI or its predecessors have continuously used the COOGI Trademark in interstate commerce since on or before the dates of first use as reflected in the registrations attached hereto as Exhibit B.

42.    Without COOGI's authorization or consent, with knowledge of COOGI's well-known and prior rights in the COOGI Trademark and with knowledge that the Offending Goods are being advertised using counterfeit marks, Defendants willfully and intentionally reproduced, copied and/or colorably imitated the COOGI Trademark and/or used spurious designations that are identical with, or substantially indistinguishable from, the COOGI Trademark on or in connection with manufacturing, screen printing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Offending Goods.

43.     On information and belief, Defendants have willfully and intentionally manufactured, screen printed, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold the Offending Goods to the purchasing public in direct competition with COOGI, in or affecting interstate commerce, and/or have acted with reckless disregard of COOGI's rights in and to the COOGI Trademark through their participation in such activities.

44.     Defendants have willfully and intentionally applied their reproductions, counterfeits, copies and colorable images of the COOGI Trademark to point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with manufacturing, screen printing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of the Offending Goods, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Offending Goods, and is likely to deceive consumers, the public and the trade into believing that the Offending Goods sold by Defendants originate from, are associated with or are otherwise authorized by COOGI, thereby making substantial profits and gains to which they are not entitled in law or equity.

45.     Defendants' unauthorized use of the COOGI Trademark on or in connection with the Offending Goods was done with notice and full knowledge that such use was not authorized or licensed by COOGI or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the COOGI Trademark.

46.     Defendants' actions constitute willful counterfeiting of the COOGI Trademark in violation of 15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(a)-(c).

47.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to COOGI, its business, its reputation and its valuable rights in and to the COOGI Trademark and the goodwill associated therewith, in an amount yet unknown, but to be determined at trial, for which COOGI has no adequate remedy at law, and unless enjoined, Defendants will continue to cause substantial and irreparable injury, loss and damage to COOGI and its valuable COOGI Trademark.

48.     Based on Defendants' actions as alleged herein, COOGI is entitled to injunctive relief, damages for the irreparable harm that COOGI sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
#### (Trademark Infringement)
[15 U.S.C. § 1114/Lanham Act § 32(a)]

49.     COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 48 above with the same force and effect as though fully set forth herein, and further alleges:

50.     The aforementioned acts of Defendants, including, but not limited to the

knowing and willful advertising, distribution and sale of the Offending Goods using the COOGI Trademark is likely to confuse consumers, and constitutes use of the COOGI Trademark in commerce and trademark infringement in violation of 15 U.S.C. §1114.

51.    Defendants were, at the time they engaged in their actions as alleged herein, actually aware that COOGI is the owner of federal trademark registrations for the COOGI Trademark.

52.    Defendants did not seek to obtain the consent or authorization of COOGI, as registered owner of the COOGI Trademark, to manufacture, screen print, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the Offending Goods into the stream of commerce using the COOGI Trademark.

53.    Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that COOGI is the owner of all rights in and to the COOGI Trademark.

54.    Defendants willful and egregious use of the COOGI Trademark in commerce in connection with the Offending Goods is likely to continue to cause, actual confusion and mistake and is likely to deceive the purchasing public as to the source or origin of the Offending Goods, and is likely to deceive the public into believing that the Offending Goods are COOGI products or are otherwise associated with, or authorized by, COOGI.

55.    Defendants' continued, knowing and willful use of the COOGI Trademark without COOGI's consent or authorization constitutes intentional infringement of COOGI's federally registered COOGI Trademark in violation of §32 of the Lanham Act,

14

15 U.S.C. § 1114.

56.    As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, COOGI has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the COOGI Trademark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to COOGI and its valuable COOGI Trademark.

57.    Based on Defendants' actions as alleged herein, COOGI is entitled to injunctive relief, damages for the irreparable harm that COOGI has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains and profits obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

THIRD CLAIM FOR RELIEF
(Copyright Infringement)
[17 U.S.C. §501]

58.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 57 above with the same force and effect as though fully set forth herein, and further alleges:

59.    COOGI is informed and believes and thereon alleges that Defendants, and each of them, had access to the COOGI Copyright or other COOGI copyrighted designs, including, without limitation, through COOGI's web site and online store and/or

15

through other authorized channels of trade and/or through third party media references..

60.     COOGI is informed and believes and thereon alleges that, without COOGI's authorization, Defendants, and each of them, manufactured, screen printed, caused to be manufactured, advertised, distributed, marketed and/or sold products bearing the Infringing Design or images that are identical to, or substantially similar to, the COOGI Copyright.

61.     COOGI is informed and believes and thereon alleges that Defendants, and each of them, infringed COOGI's copyrights by copying the COOGI Copyright or other COOGI copyrighted designs, and distributed     the Offending Goods bearing the Infringing Design, without COOGI's authorization or consent.

62.     Due to Defendants', and each of their, acts of copyright infringement, COOGI has suffered actual, general and special damages in an amount to be established at trial.

63.      COOGI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of COOGI's rights in the COOGI Copyright and/or other COOGI copyrighted designs in an amount to be established at trial.

64.     COOGI may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

65.     COOGI is informed and believes and thereon alleges that the conduct of each of the Defendants as alleged herein was willful, reckless and/or with knowledge,

subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees and/or preclusion from deducting certain costs when calculating disgorgeable profits.

66.    Defendants will continue to willfully infringe COOGI's rights in the COOGI Copyright and/or other COOGI copyrighted designs unless restrained by the Court. COOGI is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

**FOURTH CLAIM FOR RELIEF**
(Trade Dress Infringement)
[15 U.S.C. §1125(a)/Lanham Act §43(a)]

67.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 66 above with the same force and effect as though fully set forth herein, and further alleges:

68.    The COOGI Trade Dress is distinctive and has achieved secondary meaning such that it is recognized as emanating from a single source by virtue of:

(a)    advertising and marketing as outlined in paragraph 24 above;

(b)    unsolicited media coverage of COOGI and its products as outlined in paragraphs 23 and 24 above and Exhibits E and F;

(c)    unsolicited references in songs by Biggie as outlined in paragraph 22 above and by other rap and music artists;

(d)    sales success as outlined in paragraph 17 above;

(f)    attempts to plagiarize the COOGI Trade Dress as set forth in paragraph 25 above and Exhibit G; and

17

(g)   substantially exclusive use of the COOGI Trade Dress by COOGI and its predecessors for over thirty (30) years.

69.   The designs shown on the Offending Goods are confusingly similar to portions of the COOGI Trade Dress, because they are identical or virtually identical to portions of the COOGI Trade Dress and the COOGI Copyright or other COOGI designs.

70.   The COOGI Trade Dress is not functional because (a) as explained in THE COOGI TRADE DRESS – BACKGROUND section above, there have been and continue to be numerous other brands of sweaters and clothing that incorporate bright colors and ornamental designs, (b) the COOGI Trade Dress design does not provide a cost or quality advantage in the market for sweaters and, actually results in increased costs to COOGI to create the COOGI Trade Dress, and (c) competitors' ability to compete is not significantly undermined by protecting the COOGI Trade Dress because other colorful and ornamental designs exist and are still used throughout the clothing industry.

71.   The aforementioned acts of Defendants constitute trade dress infringement in violation of 15 U.S.C. §1125(a), which covers infringement of trade dress which is not registered under the Lanham Act.

72.   Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trade dress infringement.

FIFTH CLAIM FOR RELIEF
(False Designation of Origin)
[15 U.S.C. §1125(a)/Lanham Act §43(a)]

73.     COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 72 above with the same force and effect as though fully set forth herein, and further alleges:

74.     The aforementioned acts of Defendants constitute the use of a false designation of origin and/or making of false or misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.     In particular, the Defendant's acts in (i) using designs that are confusingly similar to the COOGI Trade Dress, (ii) connecting Biggie to the Offending Goods and his well known association with the COOGI Trademark and brand and the COOGI Trade Dress to the Offending Goods, by using an image of his face on a design that is confusingly similar to the COOGI Trade Dress and/or other COOGI designs, (iii) using the COOGI Trademark and (iv) using in at least one case a design that is identical to, or substantially similar to, the COOGI Copyright, in each case in connection with manufacturing, screen printing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of the Offending Goods, clearly constitutes the use of a word, name, symbol or device or a combination thereof which is likely to deceive as to the origin, sponsorship, endorsement or approval of Defendant's goods and/or services.

76.     Defendants' acts of unfair competition are willful and deliberate and done with intent to reap the benefit of the goodwill and reputation associated with the COOGI Trademark, the COOGI Trade Dress, the COOGI Copyright and the COOGI designs.

77.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no adequate remedy at law, but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(a).

SIXTH CLAIM FOR RELIEF
(Trademark Dilution)
[15 U.S.C. §1125(c)]

78.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 77 above with the same force and effect as though fully set forth herein, and further alleges:

79     The COOGI Trademark has been used extensively and exclusively by COOGI and its predecessors continuously for more than 31 years and has become famous as a result of extensive promotion and sales by COOGI and as a result of songs by BIGGIE and other artists.

80.    The COOGI Trade Dress, taken as a whole, is not functional, and, for the reasons set forth above, including COOGI's extensive and exclusive use of the COOGI Trade Dress for more than 25 years, has become famous.  Defendant is a junior user of designs intended to replicate the torso portion of the COOGI Trade Dress, which they are using in commerce.  Defendants' use of their designs began after the COOGI Trade Dress had already become famous.

81.    Because of the intentional and obvious use of the COOGI Trademark and similarities between the Defendant's designs and the COOGI Trade Dress, use of the COOGI Trademark and of such designs by the Defendants will be associated with, and

20

impair the distinctiveness of the COOGI Trademark and/or the COOGI Trade Dress. Such use is diluting and/or likely to dilute the COOGI Trademark and/or the COOGI Trade Dress. The aforementioned acts of Defendants constitute trademark dilution in violation of 15 U.S.C. §1125(c).

82.    Because of the inferior quality of products sold by Defendants using the COOGI Trademark and designs that are confusingly similar to portions of the COOGI Trade Dress, the Offending Goods also tarnish the COOGI Trademark and COOGI Trade Dress and their reputation.

83.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law, but is entitled to its actual damages and costs and Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(c). Unless Defendants are enjoined by this Court from continuing to dilute the COOGI Trademark and the COOGI Trade Dress COOGI will continue to suffer irreparable harm and impairment of the value of its trademark rights.

SEVENTH CLAIM FOR RELIEF
(Common Law Trademark Infringement
and Unfair Competition)

84.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 83 above with the same force and effect as though fully set forth herein, and further alleges:

85.    The aforementioned acts of Defendants constitute trademark infringement

21

and unfair competition in violation of the common law of the State of New York.

86.    Said acts of Defendants were undertaken in bad faith and have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court. COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trademark infringement and unfair competition.

EIGHTH CLAIM FOR RELIEF
Injury to Business Reputation, Trade Dress Infringement and/or Dilution
(N.Y. General Business Law §360-L)

87.    COOGI repeats and realleges each and every allegation contained in Paragraphs 1 through 86 above with the same force and effect as though fully set forth herein, and further alleges:

88.    The aforementioned acts of Defendants constitute injury to COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress in violation of New York General Business Law §360-L.

89.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court. COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful injury to the COOGI Trademark, COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress.

WHEREFORE, COOGI demands judgment against Defendants as follows:

22

1.      Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a)     imitating, copying or making unauthorized use of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs and any of the COOGI Trade Dress;

(b)     manufacturing, screen printing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress;

(c)     using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with COOGI or to any goods sold, sponsored, approved by, or connected with COOGI;

(d)     using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production,

import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the COOGI Trade Dress;

    (e)    engaging in any other activity constituting unfair competition with COOGI, or constituting an infringement of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, or of COOGI's rights in, or its right to use or exploit such copyright or trade dress, or constituting dilution of the COOGI Trade Dress, and the reputation and the goodwill associated with that trade dress;

    (f)    making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of COOGI, or that is false or misleading with respect to COOGI; and

    (g)    engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of the COOGI Trademark, the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

    2.    Directing that each of the Defendants deliver for destruction all products, artwork, prints and advertisements in its possession, custody or control bearing or advertised under the COOGI Trademark or the COOGI Copyright, any other COOGI copyrighted designs or any COOGI Trade Dress, and/or any reproductions, copies or

colorable imitations thereof, including all plates and other means of making such imitations of the COOGI Trademark, COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by COOGI or is related to or associated in any way with COOGI's products.

4.      Requiring each Defendant to account and pay over to COOGI all gains, profits and advantages obtained by such Defendant as a result of their counterfeiting of the COOGI Trademark and the COOGI Trade Dress, the exact sum to be proven at trial, plus enhanced discretionary damages, and treble damages and/or, if elected by COOGI, statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed

5.      Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained through its infringement of the COOGI Trade Dress or COOGI Trademark.

6.      Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained by such Defendant through its infringement of the COOGI Copyright, the exact sum to be proven at the time of trial or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §101, et seq.

7.     Awarding COOGI its costs and reasonable attorneys' and investigatory fees and expenses, together with prejudgment interest.

8.     Awarding COOGI exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9.     Awarding COOGI such other and further relief as the Court deems just and proper.

Dated: New York, New York

February 27, 2020

                              **COX LAW FIRM LLC**

By: _____

          William H. Cox (WC 3295)
          Peter J. Vranum (PV 8947)
          Attorneys for Plaintiff
          43 West 43rd Street, Suite 137
          New York, NY 10036-7424
          (212) 804-5756
          wcox@lawcox.com
          pvranum@lawcox.com

          **LAW OFFICES OF H.W. BURNS**

By: _____

         Howard W. Burns, Jr. (HWB 6529)
         The Woolworth Building
         233 Broadway, Suite 2065
         New York, New York 10279
         Tel. No.: (212) 227-4450
         Howard@HWBurnsLaw.com

      **Attorneys for Plaintiff COOGI Partners, LLC**

## **VERIFICATION**

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NEW YORK         )

Bruce Weisfeld, being duly sworn, deposes and says:

He is the President of COOGI Partners, LLC, the plaintiff in the above entitled

action which is a limited liability company created under and by virtue of the laws of the

State of New York; that he has read the foregoing verified complaint and knows the

contents thereof; that the same is true to his knowledge, except as to the matters

therein stated to be alleged upon information and belief, and that as to those matters he

believes them to be true.

_____
Bruce Weisfeld

Sworn to before me this
27th day of February, 2020.

_____
Notary Public
          PETER J. VRANUM
     Notary Public, State of New York
            No. 02-VR6226827
         Qualified in New York County
     Commission Expires August 16, 20 22